# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In the Matter of: } | |
| RONDA L. FISHER } | CASE NO. 03-83544-JAC-13 |
| SSN: XXX-XX-1910 } | |
| } | CHAPTER 13 |
| Debtor(s). } | |
| | |
| RONDA L. FISHER } | AP NO. 08-80111-JAC-13 |
| Plaintiff(s), } | |
| v. } | |
| } | |
| ALLTEC FEDERAL CREDIT UNION, INC. } | |
| Defendant(s). } | |

## MEMORANDUM OPINION

This case is before the Court on plaintiff's motion for entry of default. On July 8, 2008, plaintiff filed the above styled complaint seeking turnover of property pursuant to 11 U.S.C. § 542. The plaintiff seeks an order requiring the defendant, Alltec Federal Credit Union, Inc. ("Alltec"), to turnover title to the plaintiff's vehicle, a 1998 Toyota Corolla, or in the alternative seeks an order releasing Alltec's lien.

On September 10, 2008, plaintiff filed a motion for summary judgment which is currently set for hearing on October 6, 2008. On September 11, 2008, plaintiff filed the motion for entry of default which is now before the Court. In support of the motion for default, counsel for plaintiff, Amy Tanner, Esq., filed an affidavit in which she states that the defendant was duly served with a copy of the summons and notice together with a copy of the plaintiff's complaint on July 10, 2008. More than twenty days having elapsed since the date of service and the defendant having failed to answer or otherwise defend, plaintiff seeks default judgment.

A review of the certificate of service attached to the summons shows that the plaintiff served the complaint by first class mail upon Alltec and upon Financial Partners Credit Union at the following addresses:

> Alltec Federal Credit Union
> Attn: Darlene Ellison, Claim Signatory
> 128 Maryland Street
> El Sequndo, CA 90245
>
> Financial Partners Credit Union
> P.O. Box 7005
> Downey, CA 90241

The Court finds that service in this case is defective. In an adversary proceeding, as well as contested matters, due process requires a higher level of service than matters requiring mere notice. Notice is sufficient for matters affecting the general administration of bankruptcy cases, but matters that impact the rights of specific parties require a higher level of service. Pleadings initiating adversary proceedings and contested matters must be "served in the manner provided for service of a summons and complaint by Rule 7004."[1]

Federal Rule of Bankruptcy Procedure 7004(h) provides the procedure by which service may be made upon an Insured Depository Institution:

> (h) Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested matter or an adversary proceeding shall be made by certified mail addressed to an officer of the institution unless--
>
> (1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail;
>
> (2) the court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail sent to an officer of the institution designated by the institution; or

---

[1] FED. R. BANKR. P. 9014(b).

>   (3) the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service.

Pursuant to 11 U.S.C. § 101(35)(B) the term "insured depository institution" includes an insured credit union. Thus, service in this case was required by Bankruptcy Rule 7004(h) to be made upon the federal credit union by certified mail addressed to an officer of the credit union as none of the exceptions to Rule 7004(h) are applicable.

In *Cole v. American Educ. Servs. (In re Cole)*, 2007 WL 3275126 (Bankr. W.D. Wis. 2007), the bankruptcy court set aside a default judgment for defective service after the defendant filed a motion to have the judgment vacated and the case reopened. The court determined that it never had jurisdiction over the defendant where the plaintiff served the defendant, a corporation, at an address listed by the defendant in correspondence with the plaintiff. The plaintiff did not serve the defendant as required by Rule 7004(b)(3) by mailing a copy of the complaint to the attention of an officer or agent of the defendant. The bankruptcy court rejected the plaintiff's argument that strict compliance with Bankruptcy Rule 7004's service requirements were not required where the plaintiff served the defendant at the address used by the defendant in correspondence with the plaintiff. The court concluded that the that complaint had to be served in compliance with Rule 7004 and vacated the default judgment. The same court subsequently determined in the case of *In re Sunde* 2007 WL 3275128 (Banrk. W.D. Wis. 2007) that service of an objection to claim upon the claim signatory was defective. The court cited cases stressing the distinction between "notice" and "service," and explained that an objection to claim initiates a contested manner which must be served "in the manner provided for service of a summons and complaint by Rule 7004." Accordingly, the court

3

Case 08-80111-JAC    Doc 10    Filed 09/12/08    Entered 09/12/08 14:50:18    Desc Main
Document      Page 3 of 4

vacated the order entered granting the debtor's objection to claim. The debtor's failure to serve the objection upon an officer or agent of the creditor corporation rendered the service ineffective.

Here, plaintiff mailed the complaint by first class mail to the attention of the claim signatory filing the proof of claim on behalf of Alltec. As noted above, service upon an insured credit union must be completed by certified mail addressed to an officer of the institution. Based on the plaintiff's failure to properly serve the complaint in compliance with Bankruptcy Rule 7004(h), the Court finds that plaintiff's motion for default judgment is due to be denied and that the motion for summary judgment is due to be vacated for proper service.

A separate order will be entered consistent with this memorandum opinion.

Dated: September 12, 2008

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge

JAC/mhb
xc:    Debtor(s)
       Amy Tanner, attorney for plaintiff(s)
       Alltec Federal Credit Union, defendant(s)
       Philip Geddes, trustee